UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**EDDIE GOMEZ, 94-A-1522, and**
**OLGA PADILLA,**

                               **Plaintiffs,**                    **11-CV-476S(Sr)**

**v.**

**NORMAN BEZIO, et al.,**

                               **Defendants.**

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #47.

Plaintiff's complaint arises from an incident at the Southport Correctional Facility on June 14, 2008 wherein inmate Eddie Gomez was observed by corrections officers to pass pills to visitor Olga Padilla while Ms. Padilla was observed to pass tobacco to Mr. Gomez. Dkt. #10, p.5. Following initial review, the following claims were permitted to proceed: (1) Padilla's claim that she was seized in violation of the Fourth Amendment following the termination of the visit with Gomez; (2) Gomez's denial of due process claims regarding a disciplinary hearing charging him with providing medication to another person, smuggling, and violating visitation procedures; (3) Gomez's claims of retaliation following the modification of his disciplinary sentence on appeal; (4) plaintiffs' association claim based upon the suspension of visitation privileges; (5) Gomez's

claims of interference with mail; and (6) Gomez's claims of false misbehavior reports in retaliation for filing grievances and denial of due process during the course of disciplinary hearings regarding such misbehavior reports. Dkt. #10.

Currently before the Court is Mr. Gomez's motion to supplement his complaint to add RN Karen Weaver as a defendant in this action and to add a cause of action alleging that RN Weaver, C.O. Kerbein and New York State Police Investigator Aelpelbacher violated his constitutional right to confidentiality of medical information. Dkt. #59. In support of his motion, Mr. Gomez alleges that during the course of discovery, he received from defendants an incident report written by Investigator Aelpelbacher stating that C.O. Kerbein had informed him

> That facility RN Weaver examine[d] the pills and determined them to be Visacodyl, which is an over the counter laxative. That a review of Inmate Gomez's medical records indicated that he had been given this specific type of laxative by facility medical staff on previous occasions with the last being 03-17-08.

Dkt. #59-2, ¶ 8.

Defendants oppose the motion on the grounds of futility, arguing that the release of information that plaintiff had been prescribed a laxative is outside of the scope of protection under the Fourteenth Amendment. Dkt. #65, p.4.

Plaintiff responds that the release of information from his medical record was a violation of his constitutional right to privacy. Dkt. #66, p.3.

The United States Supreme Court has recognized a constitutional right to privacy in personal information which the Court of Appeals for the Second Circuit has characterized as a constitutional right to confidentiality in personal information, including information relating to one's health. *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994), *citing Whalen v. Roe*, 429 U.S. 589 (1977). However, "the interest in the privacy of medical information will vary with the condition" and is confined to "narrow parameters." *Powell v. Schriver*, 175 F.3d 107, 111-12 (2d Cir. 1999). In determining that individuals with HIV and transsexuals possess a constitutional right to maintain medical confidentiality, for example, the Court of Appeals emphasized that these conditions are likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Id.* In contrast, the Court of Appeals has determined that ailments which are unlikely to provoke social stigma are not protected. *See Matson v. Board of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 66-68 (2d Cir. 2011). Thus, disclosure of mental illness or substance abuse is generally protected because such conditions are "likely to bring about public opprobrium," while disclosure of hepatitis, fibromyalgia, and everyday medical conditions such as high cholesterol, frequent urination, osteoporosis, and acid reflux are not constitutionally protected because there is no evidence to suggest that such conditions provoke societal discrimination and intolerance. *Id.* at 66-68.

Plaintiff's prescription of laxatives clearly falls within the realm of everyday medical conditions for which constitutional protection is unwarranted. *See Rush v. Artuz*, No. 00 Civ. 3436, 2004 WL 1770064, at *12 (S.D.N.Y. Aug. 6, 2004) (inmate's

"stomach problems cannot be classified as personal matter of a sensitive nature" warranting constitutional protection).   Accordingly, plaintiff's motion to supplement his complaint (Dkt. #59), is denied.

       **SO ORDERED.**

**DATED:**    Buffalo, New York
             May  9, 2014

                                   *s/ H. Kenneth Schroeder, Jr.*
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**